Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

FILED

# UNITED STATES DISTRICT COURT
for the

__MIDDLE__ District of __FLORIDA__

2023 MAY 11  AM 10: 59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

__JACKSONVILLE__ Division

__MARK LEONARD__

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

__CHAPLAIN W. WOOD,__
__SECRETARY RICKEY DIXON__

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. __3:23-CV-559-BJD-JBT__
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: MARK LEONARD
- All other names by which you have been known: N/A
- ID Number: V28243
- Current Institution: Suwannee Correctional Inst.
- Address: 5964 U.S. Hwy. 90
  - City: Live Oak
  - State: Fla.
  - Zip Code: 32060

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
- Name: Chaplain W. Wood
- Job or Title (if known): Chaplain Suwannee C.I.
- Shield Number: Unk.
- Employer: Fla. Dept. of Corrections
- Address: 5964 U.S. Hwy. 90
  - City: Live Oak
  - State: Fla.
  - Zip Code: 32060
- [X] Individual capacity   [X] Official capacity

**Defendant No. 2**
- Name: Secretary Rickey Dixon
- Job or Title (if known): Secretary Fla. Dept. of Corrections
- Shield Number: Unk.
- Employer: Fla. Dept. of Corrections
- Address: 501 S. Calhoun Street
  - City: Tallahassee
  - State: Fla.
  - Zip Code: 32399-2500
- [X] Individual capacity   [X] Official capacity

Defendant No. 3
   Name _____
   Job or Title *(if known)* _____
   Shield Number _____
   Employer _____
   Address _____
   _____ _____ _____
   City          State         Zip Code
   ☐ Individual capacity   ☐ Official capacity

Defendant No. 4
   Name _____
   Job or Title *(if known)* _____
   Shield Number _____
   Employer _____
   Address _____
   _____ _____ _____
   City          State         Zip Code
   ☐ Individual capacity   ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. First Amendment Right to freely exercise Religion.
2. Ninth Amendment Right to Equal protection of law.
3. 14th Amendment Right to due process of law.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Chaplain Wood and Secretary Dixon are both state employees and acted under color of law in denying Plaintiff right to freely exercise his Hebrew Israelite faith.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See Attached

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Attached

IV. Statement of Claim.

1. This is a challenge against Chaplain W. Wood, Chaplain at Suwannee Correctional Institution Annex and Secretary Rickey Dixon, Secretary Florida Department of Corrections, for violation of Plaintiff's first, ninth, and fourteenth amendment rights by unlawfully restricting Plaintiff in the free exercise of his religious faith and in denying Plaintiff the same rights and privileges enjoyed by prisoners of other faiths.

2. Plaintiff is an inmate currently incarcerated at Suwannee Correctional Institution Annex and is an adherent of the Hebrew Israelite faith. Plaintiff is a long-time registered member of The Nation of Yahweh and a zealous practitioner of the Hebrew Israelite faith. Plaintiff has been hindered in the free exercise of his faith by chaplains and prison officials, specifically Chaplain Wood and Secretary Dixon.

3. The Nation of Yahweh requires that all Hebrew Israelites wear their diadem (religious headdress) daily as a sign of piousness and adherence to traditional Hebrew Israelite culture.

4. Hebrew Israelite inmates at Suwannee C.I.— and perhaps state-wide — are not permitted to wear their diadems daily and are restricted

Pg. 1 of 4

to wearing their diadems only during a worship service "conducted by a Temple elder or an individual authorized as a leader by the Temple.". (See attached Exhibit A: grievance response by Defendant Chaplain Wood) Defendant cites to Lawson v. Dugger, 844 F. Supp. 1538, 1994 U.S. Dist. LEXIS 1715 for the proposition that Hebrew Israelites are permitted to wear headdresses "only" during formal worship services. Plaintiff contends that this is an erroneous interpetation of Lawson v. Dugger, supra, which places an unfair and unconstitutional restriction upon Hebrew Israelite prisoners. Specifically, Lawson v. Dugger, supra, mandated that Florida Department of Corrections "allow all requesting inmate members of the class the opportunity to wear religious headdress during formal worship services arranged through the prison chaplain and conducted by Temple elders or other authorized leaders.". The Lawson Court did not mandate that the "only" time Hebrew Israelite inmates are allowed to wear religious headdresses is during formal worship services. That is an unfair and unconstitutionally restrictive interpetation advanced by the Department of Corrections to discourage Hebrew Israelite inmates from the free exercise

Pg. 2 of 4

of their religion.

5. Significantly, the Department of Corrections' narrow interpetation of <u>Lawson v. Dugger</u>, ignores the first and foremost tenet of the case:

(1) "The Hebrew Israelite faith shall be recognized as a bona fide religion by the Florida Department of Corrections and by the 44 individual chaplains (or their successors) employed by the department, who shall afford the Hebrew Israelite inmates the same rights and privileges regarding religious activities that are enjoyed by inmates of other faiths."

6. The Florida Department of Corrections, as embodied by Defendants Secretary Rickey Dixon and Chaplain W. Wood, are in violation of this ruling in the arbitrary and capricious restrictions placed upon Hebrew Israelite inmates in the wearing of their religious headdress (diadem). Muslim inmates are allowed to wear their religious headdress (Kufi) without restriction. Orthodox Jewish inmates are allowed to wear their religious headdress (Yamulke) without restriction. Only Hebrew Israelite inmates are so restricted in wearing their religious headdress and these restrictions are counter to the tenets of the Hebrew Israelite faith, as practised by the Nation of Yahweh. In

Pg. 3 of 4

institutional grievances. Plaintiff has provided Defendants photographs of Hebrew Israelite adherents wearing their diadem while engaged in a multitude of activities, and not just during formal worship services (see Exhibit B). These restrictions violate Hebrew Israelite inmates Rights to due process and equal protection of law under the United States Constitution.

7. The Hebrew Israelite diadem is not a "turban". The diadem has been modified into a single piece cap-like garment that is similar to the "beanie" sold in prison canteens and poses no threat to the security and operation of the prison. Therefore, the restrictions placed upon Hebrew Israelite inmates in wearing their diadem is not reasonably related to any legitimate penological interests and is discriminatory.

C. What date and approximate time did the events giving rise to your claim(s) occur?

_See Attached_

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_See Attached_

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. No physical injuries. Only the deprivation of Constitutional Rights.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Plaintiff seeks injunctive relief in the rescission of Dept. of Corrections policies restricting the wearing of religious headdress (diadem) by Hebrew Israelite inmates.

### VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?  Single claim.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance? Informal and Formal on the institutional level. Appeal - Central Office. See Attached.

2. What did you claim in your grievance? Deprivation of Constitutional Right to Free Exercise of Religion.

3. What was the result, if any? Grievances denied.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* Grievance process completed.

F.  If you did not file a grievance:   *N/A*

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3. Docket or index number

    _____

4. Name of Judge assigned to your case

    _____

5. Approximate date of filing lawsuit

    _____

6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5·8·23

Signature of Plaintiff: Mark Leonard / *signature*
Printed Name of Plaintiff: Mark Leonard
Prison Identification #: V28243
Prison Address: 5964 U.S. Hwy. 90
Live Oak, Fl. 32060
City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City / State / Zip Code
Telephone Number: _____
E-mail Address: _____